Honorable Timothy W. Dore
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In Re:

Charlene Joy Keys,

                  Debtor.

_____

United States Trustee,

                  Plaintiff,

   v.

Charlene Joy Keys,

                  Defendant.

_____

Case No. 15-11227

Adversary No.

COMPLAINT TO DENY DEBTOR'S DISCHARGE

The United States Trustee, for claims against defendant Charlene Joy Keys (the "Defendant"), asserts and alleges as follows:

**PARTIES**

1. The plaintiff is the United States Trustee for Region 18, which includes the Western District of Washington. The United States Trustee has standing to bring this action under 11 U.S.C. §§ 307 and 727(c)(1).

2. The Defendant is the debtor in the above-captioned chapter 7 bankruptcy case.

COMPLAINT TO DENY DISCHARGE - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

## JURISDICTION AND VENUE

3. This is an adversary proceeding to deny the Defendant's discharge, brought pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4), and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

6. On February 28, 2015 (the "Petition Date"), the Defendant filed a voluntary chapter 7 petition (the "Petition") in the Western District of Washington, case no. 15-11227 (the "Chapter 7 Case").

7. Ronald G. Brown is the trustee in the Chapter 7 Case (the "Trustee").

8. In conjunction with the Chapter 7 Case, the Defendant filed a petition (the "Petition"), schedules of assets and liabilities (collectively, the "Initial Schedules"), and a statement of financial affairs (the "Initial SOFA").

9. The Defendant signed the Petition, Initial Schedules and Initial SOFA under penalty of perjury as being true and correct.

10. The initial meeting of creditors was held and concluded in the Chapter 7 Case on March 26, 2015 (the "Creditors' Meeting"). At the Creditors' Meeting, the Defendant testified that: she had read and signed the Initial Schedules and Initial SOFA; the Initial Schedules and Initial SOFA were true and correct; and that the Initial Schedules and Initial SOFA listed all of her assets and all of her debts. The Defendant further testified that she had not made any transfers of assets or property to anyone in the two years prior to the Chapter 7 Case, and that no one owed her any money.

11. Initial Schedule B does not disclose all of the registered thoroughbred horses owned by the Defendant on the Petition Date (the "Undisclosed Horses").

COMPLAINT TO DENY DISCHARGE - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-01168-TWD    Doc 1    Filed 07/10/15    Ent. 07/10/15 15:16:54    Pg. 2 of 8

12. The Undisclosed Horses include, without limitation, the following:
   a. Air Cargo;
   b. Mykx Bull; and
   c. Oso Brave.

13. On the Petition Date, the Defendant had a legal or equitable interest in two shares of a syndicated stallion that provided annual breeding rights to the Defendant (the "Stallion Shares").

14. The Stallion Shares are not disclosed in the Initial Schedules.

15. On the Petition Date, Bill Knapp owed the Defendant money for boarding his horses on her property (the "Knapp Receivable"). The Knapp Receivable is approximately $9,500.

16. The Knapp Receivable is not disclosed in the Initial Schedules.

17. On the Petition Date, the Defendant owned certain horse tack and other equine-related tools and equipment (the "Tack").

18. The Debtor's interest in the Tack is not disclosed in the Initial Schedules.

19. Prior to the Petition Date, the Defendant through her dba Keys Research ("Keys Research") entered into a contract with Jodi Vanolst ("Vanolst") to recover, for a fee, approximately $14,400 from the U.S. Bankruptcy Court for the Western District of Michigan. The Defendant requested and received the funds (the "Vanolst Recovery").

20. None of the Vanolst Recovery was ever paid to Vanolst. Instead, the Defendant used the money for her personal and business expenses.

21. In Initial Schedule F, the Defendant characterized her debt to Ms. Vanolst as a "personal loan."

22. On May 26, 2015, Ms. Vanolst filed a letter with the Court, as ECF no. 28, asserting that Initial Schedule B was false in stating that she made a personal loan to the Defendant, and that instead the Defendant "never sent me my money, she diverted the funds and kept them for herself."

COMPLAINT TO DENY DISCHARGE - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-01168-TWD    Doc 1    Filed 07/10/15    Ent. 07/10/15 15:16:54    Pg. 3 of 8

23. On June 3, 2015, in response to Ms. Vanolst's letter, the Defendant filed an amended Schedule F changing the characterization of the debt to Ms. Vanolst to a "business claim."

24. Prior to the Petition Date, the Defendant through Keys Research entered into a contract with David Aikin ("Aikin") to recover, for a fee, approximately $32,700 from the U.S. Bankruptcy Court for the Middle District of Pennsylvania. The Defendant requested and received the funds (the "Aikin Recovery").

25. On or about May 7, 2013, the Defendant made a partial payment of $15,000 to Aikin. The balance of the Aikin Recovery, less Keys Research fees, was never paid to Aikin. Instead, the Defendant used the money for her personal and business expenses.

26. Due to her failure to pay Aikin all of the funds due him from the Aikin Recovery, the Defendant owed Aikin money on the Petition Date.

27. Aiken is not listed as a creditor in the Initial Schedules.

28. Prior to the Petition Date, the Defendant through Keys Research entered into a contract with Joseph Ciccone ("Ciccone") to recover, for a fee, approximately $4,300 from the U.S. Bankruptcy Court for the District of Maryland. The Defendant requested and received the funds (the "Ciccone Recovery").

29. On or about July 14, 2014, the Defendant made a partial payment of $2,500 to Ciccone. The balance of the Ciccone Recovery, less Keys Research fees, was never paid to Ciccone. Instead, the Defendant used the money for her personal and business expenses.

30. Due to her failure to pay Ciccone all of the funds due him from the Ciccone Recovery, the Defendant owed Ciccone money on the Petition Date.

31. Ciccone is not listed as a creditor in the Initial Schedules.

32. Prior to the Petition Date, the Defendant through Keys Research entered into a contract with Marie Bazeliez ("Bazeliez") to recover, for a fee, approximately $2,800 from the U.S. Bankruptcy Court for the Middle District of Florida. The Defendant requested and received the funds (the "Bazeliez Recovery").

COMPLAINT TO DENY DISCHARGE - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-01168-TWD    Doc 1    Filed 07/10/15    Ent. 07/10/15 15:16:54    Pg. 4 of 8

33. The Bazeliez Recovery, less Keys Research fees, was never paid to Bazeliez. Instead, the Defendant used the money for her personal and business expenses.

34. Due to her failure to pay Bazeliez all of the funds due her from the Bazeliez Recovery, the Defendant owed Bazeliez money on the Petition Date.

35. Bazeliez is not listed as a creditor in the Initial Schedules.

36. Prior to the Petition Date, the Defendant through Keys Research entered into a contract with Antonio Cortez ("Cortez") to recover, for a, fee approximately $1,900 from the U.S. Bankruptcy Court District of Nebraska. The Defendant requested and received the funds (the "Cortez Recovery").

37. The Cortez Recovery, less Keys Research fees, was never paid to Cortez. Instead, the Defendant used the money for her personal and business expenses.

38. Due to her failure to pay Cortez all of the funds due him from the Cortez Recovery, the Defendant owed Cortez money on the Petition Date.

39. Cortez is not listed as a creditor in the Initial Schedules.

40. Prior to the Petition Date, the Defendant through Keys Research entered into a contract with Rapid Cash to recover, for a fee, approximately $1,700 from the U.S. Bankruptcy Court District of Nevada. The Defendant requested and received the funds (the "Rapid Cash Recovery").

41. The Rapid Cash Recovery, less Keys Research fees, was never paid to Rapid Cash. Instead, the Defendant used the money for her personal and business expenses.

42. Due to her failure to pay Rapid Cash all of the funds due it from the Rapid Cash Recovery, the Defendant owed Rapid Cash money on the Petition Date.

43. Rapid Cash is not listed as a creditor in the Initial Schedules.

44. To the extent further discovery discloses that the Defendant, through Keys Research, obtained funds from courts on behalf of clients other than those named in this Complaint and failed to pay the recovered funds to those clients (the "Other Possible Creditors"), the Other Possible Creditors are not disclosed in the Initial Schedules.

COMPLAINT TO DENY DISCHARGE - 5

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-01168-TWD    Doc 1    Filed 07/10/15    Ent. 07/10/15 15:16:54    Pg. 5 of 8

45. A thoroughbred race horse named Terajoy is listed on Initial Schedule B as owned by the Defendant on the Petition Date.

46. Shortly before or after the Petition Date, the Defendant sold Tarajoy for the purported price of $2,500 (the "Horse Sale" and the "Sale Proceeds").

47. The Defendant does not have any records reflecting the Horse Sale, and has testified that she is uncertain whether the transaction occurred before or after the Petition Date.

48. The Horse Sale, if it occurred prior to the Petition Date, is not disclosed in the Initial SOFA.

49. The Defendant did not turn the Sale Proceeds over to the Trustee, and instead used the Sale Proceeds for her personal and business expenses.

50. On July 7, 2015, the Defendant filed an amendment to question no. 1 of the Initial SOFA to restate her income from employment or operation of business (the "SOFA Amendment").

51. According to the Defendant's 2013 federal tax return, she had gross income in 2013 of $217,760, including $180,824 from Keys Research and $36,936 from horse racing/breeding through Award Thoroughbreds.

52. Initial SOFA question no. 1, and the SOFA Amendment, fails to accurately state the Defendant's gross income for 2013.

53. The Defendant received more income in 2013 from her association with a Native American tribe than disclosed on Initial SOFA question no. 2.

54. According to the Defendant's 2014 federal tax return, she had gross income in 2014 of $71,267, including $61,419 from Keys Research and $9,848 from horse racing/breeding through Award Thoroughbreds.

55. Initial SOFA question no. 1, and the SOFA Amendment, fails to accurately state the Defendant's gross income for 2014.

56. The Defendant received more income in 2014 from her association with a Native American tribe than disclosed on Initial SOFA question no. 2.

COMPLAINT TO DENY DISCHARGE - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-01168-TWD    Doc 1    Filed 07/10/15    Ent. 07/10/15 15:16:54    Pg. 6 of 8

## FIRST CLAIM FOR RELIEF

11 U.S.C. § 727(a)(2)(A) and (B)

(Concealment and Transfer of Assets)

57. Paragraphs 6 through 56 are hereby incorporated.

58. The Defendant, with intent to hinder, delay, or defraud a creditor or the Trustee, concealed her property, and property of the estate, on the Initial Schedules and at the Creditors' Meeting. The concealed property includes, without limitation, the Undisclosed Horses, the Stallion Shares, the Tack, and the Knapp Receivable.

59. If the Horse Sale occurred after the Petition Date, then the Defendant, with intent to hinder, delay, or defraud a creditor or the Trustee, transferred property of the estate, and used the Sale Proceeds, without the knowledge or consent of the Trustee and without authorization of the Court.

## SECOND CLAIM FOR RELIEF

11 U.S.C. § 727(a)(4)

(False Oaths)

60. Paragraphs 6 through 56 are hereby incorporated.

61. The Defendant knowingly failed to disclose material information in the Initial Schedules, Initial SOFA, SOFA Amendment, and at the Creditors' Meeting to the Trustee, including, without limitation:

    a. her interests in the Undisclosed Horses, Stallion Shares, Tack and Knapp Receivable;

    b. the real basis for her debt to Vanolst;

    c. her debts to undisclosed creditors Aikin, Ciccone, Bazeliez, Cortez, Rapid Cash, and potentially the Other Possible Creditors;

    d. the Horse Sale and receipt of the Sale Proceeds; and

    e. her true gross income for 2013 and 2014.

COMPLAINT TO DENY DISCHARGE - 7

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-01168-TWD    Doc 1    Filed 07/10/15    Ent. 07/10/15 15:16:54    Pg. 7 of 8

62. The Defendant signed the Initial Schedules and Initial SOFA under penalty of perjury when she knew they were materially false.

63. The Defendant falsely testified at the Creditors' Meeting about the accuracy of the Initial Schedules and Initial SOFA.

64. The false oaths set forth above relate to material facts.

65. The false oaths set forth above were made with fraudulent intent.

66. The false oaths set forth above were made in or in connection with the case.

WHEREFORE, the United States Trustee prays for relief as follows:

A. That the Court enter a judgment denying the discharge of the Defendants pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4); and

B. For such other and further relief as the Court deems just and equitable.

DATED this 10th day of July, 2015.

Respectfully submitted,

Gail Brehm Geiger
Acting U.S. Trustee for Region 18

By: /s/ Martin L. Smith
Martin L. Smith, WSBA #24861
Attorney for United States Trustee

COMPLAINT TO DENY DISCHARGE - 8

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 15-01168-TWD    Doc 1    Filed 07/10/15    Ent. 07/10/15 15:16:54    Pg. 8 of 8